

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

EVAN C. SEELEY, §
 §
    Plaintiff, §
 §
VS. § NO. 4:17-CV-1015-A
 §
MICHAEL HUERTA, ADMINISTRATOR §
FEDERAL AVIATION ADMINISTRATION, §
ET AL., §
 §
    Defendants. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, Michael Huerta, Administrator, Federal Aviation Administration ("Huerta"), and Elaine L. Chao, Secretary, U.S. Department of Transportation ("Chao"), to dismiss. The court, having considered the motion, the response of plaintiff, Evan C. Seeley, the reply, the record, and applicable authorities, finds that the motion should be granted in part.

I.

Plaintiff's Claims

The operative pleading is plaintiff's first amended complaint filed January 5, 2018. Doc.[1] 6. In it, plaintiff alleges: He is an air traffic control specialist employed by the Federal Aviation Administration ("FAA") at the Fort Worth Enroute Traffic Control Center in Fort Worth, Texas. On or about April

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

11, 2014, he made a written request to use four hours of leave under the Family and Medical Leave Act, 29 U.S.C. §§ 2601-54 ("FMLA") every Friday and eight hours of FMLA leave every Saturday through November 2014, so that he could bond with his son born November 5, 2013. He also requested earlier shifts on Fridays to accommodate his familial responsibilities and offset the use of FMLA leave. Plaintiff was required to provide detailed documentation in support of his request that was not required of female co-workers who submitted similar requests, and he was not provided any assistance in filling out the forms to defendants' satisfaction. Defendants delayed ruling on plaintiff's leave requests and ultimately denied them. On the date of the denial, plaintiff filed a grievance to complain of the seemingly endless delay in processing his requests for leave. Defendants requested three separate thirty-day extensions of time to respond to the grievance, but never ruled on it. Plaintiff elected to pursue other procedures available by making a complaint on June 9, 2014, with the EEOC. A letter of notice of right to sue was issued December 1, 2017.

Plaintiff seeks damages for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). Plaintiff also asserts a claim for whistleblower retaliation, apparently under 5 U.S.C. § 2302.

II.

Grounds of the Motion

Defendants say that plaintiff made an irrevocable election to pursue his discrimination claims through the FAA's grievance procedure and failed to exhaust his remedies thereunder. Thus, the court does not have jurisdiction over the discrimination claims. Further, plaintiff has failed to establish that the court has jurisdiction over his whistleblower claim or that he is entitled to any relief pursuant to it. And, finally, plaintiff should only have sued Chao and not Huerta.[2]

III.

Applicable Legal Standards

A.   Fed. R. Civ. P. 12(b)(1)

Dismissal of a case is proper under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks the statutory or constitutional power to adjudicate the case. Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader. Spector v. L Q Motor Inns, Inc., 517 F.2d 278, 281 (5th Cir. 1975). However, the court is not limited to a consideration of the allegations of

---

[2]This allegation is made in footnote 9 on page 16 of the motion. Doc. 10.

the complaint in deciding whether subject matter jurisdiction exists. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. Id. Because of the limited nature of federal court jurisdiction, there is a presumption against its existence. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists. McNutt, 298 U.S. at 189; Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

B.   Fed. R. Civ. P. 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than

4

simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what

conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites.

6

Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

A. Title VII Claims

The parties agree that plaintiff is subject to a collective bargaining agreement that provides, in pertinent part:

> An employee, who believes that discriminatory practices have resulted in a prohibited personnel practice/action, as set forth in Article 4 of this Agreement and applicable statutes, regulations or orders/directives, shall have the option of utilizing this grievance procedure or any other procedures available in law or regulation, but not both.

Doc. 11 at 11. In other words, an employee like plaintiff who complains about an employment action may elect to pursue a statutory procedure like the EEO process or a union-assisted negotiated grievance procedure, but he cannot pursue both. Taylor v. Dam, 244 F. Supp. 2d 747, 756 (S.D. Tex. 2003). The employee is deemed to have made an irrevocable election when he initiates the action. Id.

In this case, on June 8, 2014, plaintiff filed an "Article 9 Grievance," complaining of the delay between the filing of his leave requests and their resolution. Doc. 14 at 1-2. Defendants maintain that this document started the union-assisted negotiated grievance procedure and foreclosed plaintiff from pursuing a

grievance on the same matter--that is, the handling by the FAA of his FMLA requests-- through the EEO process. 5 U.S.C. § 7121(d); 29 C.F.R. § 1614.301(a).

Plaintiff argues that the grievance and the EEO claim are not the same "matter" as used in 5 U.S.C. § 7121(d), because he chose not to allege discrimination in his grievance. The issue, however, is whether plaintiff was challenging the same underlying employment action. Taylor v. Dam, 244 F. Supp. 2d 747, 758 (S.D. Tex. 2003). Two complaints refer to the same matter if the disputed personnel action at root is the same irrespective of whether the grievance raised discrimination. Ilgenfritz v. Gates, No. 09-1502, 2010 WL 2978090, at *7 (W.D. Pa. July 26, 2010); Van Houten v. Gober, No. 98-270, 1998 WL 966021, at *5 (E.D. Pa. Nov. 10, 1998).

Plaintiff cites EEOC decisions indicating that the grievance and the EEO complaint must be identical for the second claim to be precluded. Doc. 13 at 14-15. As defendants note, EEOC decisions, while persuasive, are not binding. Wade v. Brennan, 647 F. App'x 412, 416 n.8 (5th Cir. 2016); Price v. Fed. Express Corp., 283 F.3d 715, 725 (5th Cir. 2002). Nevertheless, the subject of the grievance was the delay in ruling on plaintiff's leave requests; the subject of the EEO claim was discrimination against plaintiff because of his sex. The only relief sought by

plaintiff in his grievance was a revision to the system of reviewing and ruling on leave requests. He did not seek any damages or individual benefits. The court is not persuaded that the same matter was at issue.

B. <u>Whistleblower Claim</u>

Almost as an afterthought it appears, plaintiff added a single paragraph to his voluminous complaint to allege:

> In the alternative, and without waiving the foregoing, Plaintiff would show that the animus he has endured in connection with his FMLA application process was due, at least in part, to ZFW management retaliation arising from Plaintiff's whistleblower complaint to the Office of Special Counsel of the FAA which resulted in significant disciplinary action taken against air traffic control management in 2012.

Doc. 6 at 13, ¶ 94. In his prayer, he asks for a money judgment representing actual and punitive damages for whistleblower retaliation. <u>Id.</u> at 14, ¶ 10.

Plaintiff makes no response to the contention that this claim must be dismissed. His conclusory allegations are insufficient to state a plausible claim. It does not appear that the court would have jurisdiction over this claim in any event. See <u>Stella v. Mineta</u>, 284 F.3d 135, 141-42 (D.C. Cir. 2002).

C. <u>The Proper Defendant</u>

Defendants say in a footnote that only Chao is the proper defendant in this action. Again, plaintiff provides no response.

It appears that defendants are correct. Honeycutt v. Long, 861 F.2d 1346, 1349 (5th Cir. 1988).

V.

Order

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted in part, and that plaintiff's whistleblower claim against defendants be, and is hereby, dismissed. The court further ORDERS that plaintiff's claims against Huerta be, and are hereby, dismissed as having been improperly lodged.

The court directs the clerk to cause the docket to reflect that Chao is the only defendant to this action.

SIGNED April 2, 2018.

_____
JOHN McBRYDE
United States District Judge